The Hon. Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN J. MIGDON,<br><br>Defendant. | NO. CR24-191-JNW<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Steven J. Migdon's interest in the following "Subject Property":

    a.    One Apple iPhone 13, seized from Defendant on or about August 5, 2024.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate for the following reasons:

1.    The Subject Property is forfeitable pursuant to 18 U.S.C. § 2253(a), as it consists of prohibited images and/or as property the Defendant used to commit or to facilitate his commission of *Travel with Intent to Engage in a Sexual Act with a Minor*, in

Preliminary Order of Forfeiture- 1
*United States v. Migdon,* CR24-191-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

violation of 18 U.S.C. §§ 2423(b) and 2246(2)(A) and (B), and *Possession of Child Pornography*, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), and,

2. In the Plea Agreement he entered on March 12, 2025, Defendant agreed to forfeit the Subject Property pursuant to 18 U.S.C. § 2253(a). Dkt. No. 24, ¶ 13.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 18 U.S.C. § 2253(a) and his Plea Agreement, Defendant's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The Department of Justice, Federal Bureau of Investigation, and/or its authorized agents or representatives ("FBI"), shall maintain the electronic equipment in its custody and control until further order of this Court. FBI shall destroy any prohibited images unless they have been destroyed already or will be retained for official, investigative use, as permitted by 21 U.S.C §§ 853(i) and 881(e);

4. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the electronic equipment as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the electronic equipment, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the electronic equipment must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

Preliminary Order of Forfeiture- 2
*United States v. Migdon,* CR24-191-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the electronic equipment;

b. shall be signed by the petitioner under penalty of perjury; and,

c. shall set forth the nature and extent of the petitioner's right, title, or interest in the electronic equipment, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the electronic equipment, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 27th day of June, 2025.

*[signature]*

Jamal N. Whitehead
United States District Judge

Preliminary Order of Forfeiture- 3
*United States v. Migdon,* CR24-191-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | Presented by:
2 |
3 | _s/ Jehiel I. Baer_
JEHIEL I. BAER
4 | Assistant United States Attorney
United States Attorney's Office
5 | 700 Stewart Street, Suite 5220
Seattle, Washington 98101
6 | Phone: (206) 553-2242
7 | Fax: (206) 553-6934
Jehiel.Baer@usdoj.gov

Preliminary Order of Forfeiture- 4
*United States v. Migdon,* CR24-191-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970