
THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN J. MIGDON,<br><br>    Defendant. | No. CR24-191-JNW<br><br>DEFENSE SENTENCING MEMORANDUM |

Steven Migdon, through counsel, joins the government and U.S. Probation in recommending the Court sentence Mr. Migdon to 48 months' imprisonment. A four-year prison term is sufficient to ensure that Mr. Migdon, a 74-year-old first offender, is punished for his misconduct and poses no further danger to the community. It avoids unwarranted disparity with similarly situated offenders.

I.    BACKGROUND

Between July 26, 2024, and August 5, 2025, Steven Migdon engaged in sexualized chats with an undercover officer he believed was a 13-year-old boy. *See* PSR ¶ 12. Officers arrested Mr. Migdon when he arrived for a planned meeting with the purported child in Everett, Washington. In a wide-ranging post-arrest interview, Mr. Migdon tearfully admitted his misconduct, and explained that he had developed a sexualized interest in children over the prior six months. A search of Mr. Migdon's phone revealed images of child pornography and evidence of other recent chats with minors. PSR ¶¶ 16–20.

DEFENSE SENTENCING MEMORANDUM
(*United States v. Migdon*, CR24-191-JNW) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

Mr. Migdon spent two months in custody, then was released on bond. *See* PSR ¶ 6. For over eight months, he has complied fully with the terms of his release, including by participating actively in the pretrial support group. PSR ¶ 6. Pretrial Services therefore recommends that Mr. Migdon be permitted to surrender to the designated institution.

Mr. Migdon's conduct defies easy explanation. His history contains no prior history of misconduct against children. In his letter to the Court, Mr. Migdon explains that he committed these crimes during a period of profound depression and isolation. He is ashamed and horrified by his actions, grateful for the continued support of his family, and determined never to fall into the same hole.

If the Court follows the parties' recommendation, Mr. Migdon will be released at 77 years old. He will reenter society without a residence or meaningful financial resources, be supervised by U.S. Probation for at least five years, and be required to register as a sex offender. Mr. Migdon is determined to make the best of his remaining years, to comply with supervision, and to avoid any further contact with the law.

Because he is an elderly man convicted of a sex offense against children, Mr. Migdon will be exposed to violence and social alienation while imprisoned. He therefore respectfully asks the Court to recommend placement at FCI Safford, a low security[1] facility that will permit Mr. Migdon to receive visits from family. If the BOP is unable to accommodate placement at FCI Safford, he asks the Court to recommend placement at FCI Elkton, Englewood, or Seagoville. These are low-security institutions with Sex Offender Treatment Programs (SOTP). They are safer because they house a larger number of sex offenders.

---

[1] Persons convicted of sex offenses generally are not eligible for minimum security "camp" placements but are instead placed in at least low-security institutions.

DEFENSE SENTENCING MEMORANDUM
(*United States v. Migdon*, CR24-191-JNW) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

## II. THE 18 U.S.C. § 3553(A) FACTORS

The 48-month sentence negotiated by the parties satisfies the 18 U.S.C. § 3553(a) factors.

First, Mr. Migdon acknowledges that his conduct was shocking and reprehensible. At the same time, his personal history is almost universally positive. At age 74, Mr. Migdon has no prior criminal history and no prior history of misconduct with children. His misconduct was comparatively short-lived and occurred during an emotionally desolate period.

Four years' imprisonment is substantial punishment, if only because Mr. Migdon will experience imprisonment more harshly than younger or stronger offenders. And while his flawless compliance with pretrial supervision proves that Mr. Migdon can live safely in the community, any risk of reoffense will be tempered by at least a decade of registration and supervision.

There is no question that Mr. Migdon will receive rehabilitative services and mental health treatment more effectively in the community. Just as importantly, the Bureau of Prisons is poorly equipped to provide the medical care that Mr. Migdon will require as he ages.

All parties and the probation officer agree that the Guideline range does not reflect a reasonable starting point for sentencing.

Finally, the negotiated sentence will not result in sentencing disparity. Indeed, the parties' agreement resulted in part from a comparison with other cases in which offenders of a similar age committed similar offenses. *E.g., United States v. McCool*, CR24-102-JCC (48-month sentence imposed on 63-year-old first offender who met with an undercover agent pretending to be a minor). A longer sentence therefore would risk undercutting the parties' good-faith efforts.

DEFENSE SENTENCING MEMORANDUM
(*United States v. Migdon*, CR24-191-JNW) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

### III. CONCLUSION

Though Mr. Migdon acknowledges he engaged in terrible acts during a period of extreme desperation, he poses no further danger to the community. For this 74-year-old first offender, a 48-month sentence is sufficient.

DATED this 3rd day of July 2025.

> Respectfully submitted,
>
> s/ *Gregory Murphy*
> Assistant Federal Public Defender
> Attorney for Steven Migdon

DEFENSE SENTENCING MEMORANDUM
(*United States v. Migdon*, CR24-191-JNW) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**